IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTIE MONTGOMERY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>    Defendant. | Civil Action No. 3:21-CV-3039-N |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Christie Montgomery's motion for attorneys' fees. Because Montgomery prevailed on her claims, the Court grants the motion. However, Montgomery's requested fee award in the amount of $171,700.00 is unreasonable because it is nearly fifteen times higher than Montgomery's $11,426.09 damages award. Accordingly, the Court reduces the award to $34,500.00, which is roughly three times the amount Montgomery was awarded at trial.

## I. ORIGINS OF THE MOTION

This dispute arises from damage to Plaintiff Christie Montgomery's property caused by a storm. Pl.'s Original Pet. ¶ 8, *Notice of Removal* Ex. 3 [1]. Montgomery had an insurance policy with Defendant State Farm Lloyds ("State Farm") and submitted a claim to State Farm under the policy for the damage to her property. *Id.* Believing that State Farm's adjuster undervalued her property and the damage to it, Montgomery initiated this suit. *Id* at 9-12. The case was tried before a jury, who reached a verdict in favor of Montgomery. Jury Verdict [54]. The Court rendered final judgment on the jury's verdict.

ORDER – PAGE 1

Ct.'s Final Judgment [59]. The jury found that State Farm failed to comply with Montgomery's property insurance policy and that State Farm engaged in unfair or deceptive acts or practices. *Id.* The final judgment also stated that Montgomery was entitled to recover reasonable attorneys' fees in the amount to be awarded pursuant to Rule 54. *Id.* Montgomery timely filed this motion to recover attorneys' fees in the amount of $171,700.00. Pl.'s Motion [61].[1]

## II. LEGAL STANDARD

A prevailing party may move for an award of attorneys' fees after the entry of a final judgment. FED. R. CIV. P. 54(d). The motion must specify the grounds entitling the movant to attorneys' fees and the amount requested. FED. R. CIV. P. 54(d)(2)(B). State law controls both the award of attorneys' fees and the reasonableness of the fees awarded where state law supplies the rule of decision. *DP Solutions, Inc. v. Rollins*, 353 F.3d 421, 433 (5th Cir. 2003) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). Under Texas law, a movant may recover attorneys' fees "only if specifically provided for by statute or contract." *Merritt Hawkins & Assoc., L.L.C. v. Gresham*, 861 F.3d 143, 155 (5th Cir. 2017) (quoting *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). To prove a proposed amount of attorneys' fees is reasonable, a movant must provide "at a minimum, documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012). The reasonableness of attorneys' fees is

---

[1] State Farm objected to this motion in its response on the grounds that Montgomery did not comply with several local rules in filing her motion. While State Farm's objections are correct, they are irrelevant in this context and are overruled.

considered in light of the following guidelines: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

**III. MONTGOMERY IS ENTITLED TO RECOVER ATTORNEYS' FEES UNDER TEXAS LAW**

Montgomery cites the following statutes as providing the basis for an award of attorneys' fees: (1) Chapter 38 of the Texas Civil Practice and Remedies Code, (2) Chapter 541 of the Texas Insurance Code, and (3) Chapter 542 of the Texas Insurance Code. An award of attorneys' fees is permitted under each of these statutes and is mandatory under Chapter 38.

The Texas Civil Practice and Remedies Code allows a claimant to recover reasonable attorneys' fees if the claim is for an oral or written contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8). Under Chapter 38, "an award of reasonable fees is mandatory if a party prevails in a breach of contract case and there is proof of reasonable fees." *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 433 (5th Cir. 2003). Montgomery prevailed in her breach of contract claim against State Farm for breach of her insurance contract, so

an award of reasonable attorneys' fees is mandatory in this case as long as Montgomery provides proof of reasonable fees. Chapter 541 of the Texas Insurance Code permits a plaintiff who prevails on an unfair or deceptive practices claim to recover court costs and reasonable and necessary attorneys' fees. TEX. INS. CODE § 541.152(1). Montgomery prevailed at trial on her Chapter 541 claim of deceptive practices, so she is able to recover attorneys' fees under this statute. Chapter 542 permits a plaintiff to recover attorneys' fees where that plaintiff shows that an insurer was not in compliance with the Texas Prompt Payment of Claims Act. TEX. INS. CODE § 542.060. An insurer is not in compliance with the Prompt Payment of Claims Act if the insurer fails to follow the deadlines for response and payout of claims set out in Sections 542.055-.058 of the Act. Because State Farm did not comply with the deadlines set in this Act, Montgomery is able to recover attorneys' fees under Section 542.060 of the Act.

Accordingly, Montgomery is entitled to recover reasonable fees under the statutes discussed above and has been awarded reasonable attorneys' fees by the jury. The primary issue raised by State Farm is whether the $171,700.00 figure requested by Montgomery is reasonable. The Court finds that it is not because it is disproportionate to the amount of damages awarded in this case.

### A. Montgomery's Requested Fees of $171, 700.00 Are Not Reasonable In Light of the Damages Awarded at Trial

Determination of reasonable attorneys' fees is a three-step process. First, the court "must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Louisiana Power & Light Co. v.*

*Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  Next, the court multiplies the reasonable hours by the reasonable rates.  *Id.*  Finally, the court may decrease or enhance the amount based on the factors laid out in *Johnson* and *Andersen.  Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).  These factors are relevant to determining reasonableness, but no one factor is dispositive or intended to substitute for multiplying reasonable billing rates by the number of hours expended on the litigation.  *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).  Montgomery's attorneys spent a total of 418.7 hours on this case.  Daly Aff. ¶ 16; *see also* Pl.'s Mot. for Atty.'s Fees Ex. A-1 [61].  The timekeepers who worked these hours bill at varying rates of $250, $400, and $450 per hour.  Daly Aff. ¶ 20.  This results in $171,700 in attorneys' fees.  *Id*.  According to Montgomery's expert witness, Richard Daly, the fee total, number of hours worked, and rates charged in this case are normal and reasonable.  *Id.* at ¶ 21-22.  However, the Court finds that this figure should be reduced pursuant to the *Johnson* factors.

In light of the *Johnson* factors, the $171,700.00 fee figure is not reasonable.  Several of the *Johnson* factors are favorable to Montgomery.  This case was time sensitive and required the attorneys involved to forego taking on additional matters.  *Id.* at ¶ 27.  The rates billed by the attorneys and paralegals in this case were consistent with or lower than the market rate at similar firms in the community.  *Id.* at ¶ 31.  The fee was contingent on success for Montgomery and the case carried risk for the Daly & Black law firm.  *Id.* at ¶ 37-38.  The experience, reputation, and abilities of the attorneys are consistent with their respective rates.  *Id.* at ¶ 26, 35-36.  Montgomery's attorneys successfully litigated her case, resulting in a verdict in her favor and an award of damages.  *Id.* at ¶ 34.  Crucially,

ORDER – PAGE 5

however, this award of damages was only $11,426.09. The Court finds that it is unreasonable for a party to pay $171,700.00 in attorneys' fees when the recovery was only $11,426.09.

Under Texas law, disproportion between the fees requested and the damages awarded will not alone render an attorneys' fees award excessive. *Quanta Services Inc. v. American Admin. Group Inc.*, 384 F. App'x 291, 298 (5th Cir. 2008). However, the "degree of success obtained" by a prevailing plaintiff is the "most critical factor" in determining an award of attorneys' fees. *Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001). Awarded fees must bear a "reasonable relationship to the amount in controversy or to the complexity" of the circumstances of the case. *Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 344 (5th Cir.1987). Under both *Johnson* and *Andersen*, a court must consider the amount awarded in the case at trial and adjust the attorneys' fees accordingly. *See Johnson*, 488 F.2d at 717; *Andersen*, 945 S.W.2d at 818.

The case at hand was an insurance contract dispute that presented no novel or particularly complex issues of law. The damages awarded were only $11,426.09. The maximum damages Montgomery could have recovered under her insurance policy were $12,810. Def.'s Response 1, Pltf.'s Demand Letter Ex. 1 [64]. The Court finds that an attorneys' fees award of $171,700.00 does not bear a reasonable relationship to the complexity of this case or the amount awarded to Montgomery at trial. The proposed $171,700.00 figure is therefore not reasonable and should be lowered. The Court finds that an amount equaling three times the damages awarded to Montgomery at trial is a

ORDER – PAGE 6

reasonable fee figure that bears a more rational relationship to the amount awarded in accordance with *Johnson* and *Andersen*. Accordingly, the Court orders State Farm to pay Montgomery's attorneys' fees in the amount of $34,500.00.

### B. Montgomery's Awarded Fees Do Not Need to Be Reduced Pursuant to Tex. Ins. Code § 542A.007(a)(3)(A)

State Farm argues that whatever figure is determined to be reasonable must be reduced pursuant to Section 542A.007 of the Texas Insurance Code. Def.'s Response 5-6 [63]. However, the fees sought by Montgomery are exempted from the reduction required by Section 542A.007. Under Texas Insurance Code § 542A.007(a), attorneys' fees may be awarded in an amount equal to the lesser of: (1) reasonable and necessary attorneys' fees supported at trial by sufficient evidence, as determined by the trier of fact, (2) the amount of attorneys' fees that may be awarded to the claimant under other applicable law, or (3)(A) the amount calculated by dividing the amount to be awarded in the judgment for the claim under the insurance policy by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter, and (3)(B) multiplying the amount calculated under Section 542A.007a)(3)(A) by the reasonable and necessary attorneys' fees. State Farm argues that the lowest of these options would be the amount calculated under Texas Insurance Code § 542A.007(a)(3), and accordingly Montgomery's fee award should be reduced by a figure calculated pursuant to Section 542A.007(a)(3)(A). The Court disagrees.

The claimant is to be awarded the full amount of her reasonable attorneys' fees if the amount calculated under Section 542A.007(a)(3)(A) is greater than or equal to 0.8. TEX. INS. CODE § 542A.007(b)(1). The amount awarded to Montgomery in judgment is

ORDER – PAGE 7

$11,426.09. Ct.'s Final Judgment [59]. The amount alleged to be owed for damage under the insurance policy is $12, 810.[2] Dividing 11,426 by 12,810 results in a figure of 0.892. This figure calculated pursuant to Section 542A.007(a)(3)(A), according to the Court's and State Farm's own calculations, exceeds 0.8. Accordingly, pursuant to Section 542A.007(b)(1), Montgomery is entitled to the full amount of her reasonable and necessary attorneys' fees. The Court orders State Farm to pay Montgomery her reasonable attorneys' fees in the amount of $34,500.00.

## CONCLUSION

Because Plaintiff Christie Montgomery is entitled to reasonable attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code and Chapter 541 and 542 of the Texas Insurance Code the Court grants Montgomery's motion for attorneys' fees. However, the Court finds that a reduction of the $171,700.00 total calculated by Montgomery's attorneys is appropriate. The Court orders Defendant State Farm to pay Montgomery's attorneys' fees in the amount of $34,500.00 no later than thirty (30) days after this Order unless superseded on appeal.

Signed October 2, 2023.

_David C. Godbey_
David C. Godbey
Chief United States District Judge

---

[2] This figure is calculated from the amount requested in damages in Montgomery's notice letter ($14,900) less the $2,090 deductible under Montgomery's policy with State Farm.

ORDER – PAGE 8